## ABRAM NAVE ET AL. VS. J. H. BRITTON.

IN THE SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

The omission to include in an assignment a full statement of the property conveyed, or of the creditors and the amounts of their demands, must appear to be done with a fraudulent intent in order to vitiate it.

An assignment by a firm passes the title to all the partnership property and it is not liable to attachment for their debts, whether sufficient or insufficient to pay all debts in full. The levy of an attachment upon such property is a trespass, and to justify themselves it must be shown that plaintiffs in attachment are the only remaining creditors, and that the other creditors are not injured.

Appeal from Grayson county.

Unless the assignment was void upon its face, there was of course no error in permitting it to go to the jury. It is contended by the

appellants that it is void for containing neither a full statement of the property conveyed nor of the claims to be payed by the assignee. The instrument conveys all the property of every character owned by the firm making the assignment. This has always been held a sufficient description, and is as definite as an absolute owner is required to make in an ordinary deed to his property. It is only necessary that the description given should be such that when supplemented by parol evidence it will suffice to ascertain the property. (Clark vs. Few, 62 Ala. 243. Walker vs. Newlin, 22 Kans. 106.)

As to the other objection it has been held by this court that it is enough if the assignment give the names of the creditors, without stating the nature or amount of the debts; or, at least, that the failure to do more does not vitiate the deed, or authorize the court to declare it void upon its face. (Van Hook vs. Walton, 28 Tex. 74.)

The present deed does name all the preferred creditors, and that has been held sufficient without specifying those who are postponed. (Halsey vs. Whitney, 4 Mason, 206.)

The omission to include in an assignment a full statement of the property conveyed, or of the creditors of the assignors, and the amount of their demands, must be done with a fraudulent intent in order to vitiate it, and as no such intent appeared on the face of the present assignment, if it existed at all, it must have been by reason of extraneous facts to be submitted to the jury in connection with the instrument itself. The case of Cater vs. Mosely, 22 Tex. 714, cited as holding an opposite doctrine, arose upon a wholly different deed. The assignment not only did not specify the amount of the demands but did not give the names of any of the creditors. Moreover, it authorizes the assignee to hold the property and dispose of the same as soon as he could to the best advantage of the assignor's creditors generally. Taking the provisions of the deed altogetne, the court held that it did not declare the uses to which the property was assigned, nor settle the right of the creditors under it. All this was left to the assignee. Not so with the preseent assignment, as the entire method in which the trust is to be executed is pointed out in the instrument.

We think it was properly admitted in evidence. See Baldwin vs. Heet, 22 Tex. 714 ; Van Hook vs. Walton, supra.

The deed we are passing upon arose before the passage of the as-

signment law of 1879, and is of course considered without reference to the provisions of that act.

It is further urged that the court erred in not charging the jury that the burden of proof that some of the creditors of the assignee were unpaid at the date of the trial of this cause, was upon the plaintiff.

It is certainly clear that at the time the attachment was levied, as also when this suit was commenced, no debts had been paid, as no disposition had been made of the assets till February 1, 1879. If the assignment was valid it passed title to all the property out of Keep & Yates and it was not liable to attachment for their debts, whether sufficient or insufficient to pay all debts in full. By levying the attachment the defendants became trespassers, and if they wished to justify themselves, or show that the other creditors were not injured, or that they, the defendants, were entitled to the money which might be recovered in the suit as the only remaining creditors, the onus was upon them to prove it.

It was a ground of defense for themselves and not a necessary fact to be pleaded or proved by the plaintiffs to entitle them to recover.

Besides there was some proof made by the plaintiff that a portion of the consenting creditors had not been paid, and the plaintiffs were of course not of that class. And had the judge charged as defendants say he should have done on this subject, it could not have altered the verdict, and it has been held that under the circumstances a judgment will not be reversed. (G. H. & S. A. R. R. Co. vs. Diblobunts, 52 Tex. 206.)

As to the refusal of the court to charge in reference th the supposed attempt of Keep & Yates to prefer creditors, it is sufficient to say that there was no proof to show that any individual creditors were preferred. Phelps & Co., the alleged individual creditors, state positively that their claims were firm debts. The only proof offered to the contrary was that the books of Keep & Yates show that the claims of Phelps & Co. were charged up to Yates as his separate indebtedness. But this would only show that Yates had assumed the indebtedness, and that as between him and Keep, Yates would have it to pay from his separate funds. But this did not render the parnership any less liable upon these claims to Phelps & Co. The latter had nothing to do with any arrangement between the part-

ners from whom the debt was due. They looked to both members of the firm, could sue both and enforce those claims against them, and Keep & Yates might settle between themselves as to how they would charge up the money that was used towards their payment. The partnership property was liable for the indebtedness before it could be used to the payment of any separate debts, and hence an assignment of that property for its payment in preference to other firm debts was legitimate. There was then no evidence that these claims were the separate debts of Yates and hence the court was not authorized to give the charge requested by the appellants. (Carle vs. Thomas, 14 Tex. 483.)

There is no error in the judgment and it is affirmed.

·Opinion by Willie, C. J.